## Warren Estate

*Paul A. Stephany*, for petitioners and beneficiaries.
*Enoch C. Filer* and *Walter A. Dart, Jr.*, for trustee.

ROBERTS, P. J., July 30, 1955.—We have before us the petitions of the sole beneficiaries of two inter vivos trusts, seeking to deny compensation to the trustee and to surcharge him for alleged mismanagement of the Warren Company. Prior to July 1, 1953, the settlor, Robert C. Warren, was the sole owner of the Warren Company; on that day, by written instrument, he created trusts for his two minor sons (each representing a 21 percent interest in the business) with Arthur W. Peterman as trustee; he also, on the same day, entered into a partnership agreement with the trustee for the operation of the Warren Company, settlor's interest in the partnership being 58 percent, and that of the trustee, representing the trust property, being 42 percent. Settlor died intestate on November 15, 1953.

leaving as heirs his widow and two sons. Trustee operated the business until March 1, 1955; on that date, by agreement of all parties in interest, his resignation as trustee was accepted and he was discharged; his accounts to December 31, 1954, were confirmed, subject to determination by the court of his trustee's compensation and further accounting to date of his discharge.

The principal question raised by preliminary objection is the jurisdiction of the orphans' court to pass on matters involving the services of the trustee in the management of the Warren Company. It is contended on behalf of the former trustee that the orphans' court does not possess jurisdiction to decide questions of alleged mismanagement of the business since that controversy relates solely to partnership affairs and must be determined in the court of common pleas. We cannot agree with this contention. The Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.101, which is largely a reënactment of previous legislation respecting the orphans' court, provides in section 301:

"The orphans' court shall have exclusive jurisdiction of:

"(3) *Inter vivos* trusts. The administration and distribution of the . . . property of *inter vivos* trusts . . ."

"(6) Fiduciaries. The appointment, control, settlement of the accounts of, removal and discharge of . . . all fiduciaries of estates and trusts . . ."

It is, of course, undisputed that the orphans' court has exclusive jurisdiction of the administration and distribution of trust property of inter vivos trusts and also of trustees, their accounts and compensation. Jurisdiction of these subject matters necessarily includes jurisdiction over all aspects affecting the trustee's account, as well as his entitlement to compensation out of the trust estate for his services as trustee. Section 304 of the Act of 1951, supra, specifically provides:

"The orphans' court shall have all legal and equitable powers required for or incidental to the exercise of its jurisdiction."

The instrument setting up the trusts created a personal and fiduciary relationship involving various rights and duties between the trustee and the beneficiaries with respect to the designated interests in the business. This relationship subjected the trustee to equitable duties to deal and act with the trust property for the benefit of two minor beneficiaries. One of his many and extensive duties to the beneficiaries is to keep and render clear and accurate accounts with respect to his administration of the trusts. The performance by him of his duties entitles him to compensation out of trust assets for his services as trustee. Clearly, these are matters properly and exclusively within our jurisdiction. We are here concerned primarily with the fiduciary relationship between trustee and beneficiaries in the administration of trust property. If our determination of these matters involves inquiry into aspects of the trustee's partnership status with the settlor, under the partnership agreement, our consideration of such matters is incidental to our specifically conferred jurisdiction, and we may decide all questions standing directly in the way of full and proper determination. The mere fact that the trustee is also a member of a partnership does not divest our jurisdiction over his account of trust assets nor preclude us from considering all factors involved in determining compensation for services rendered by him in administering trust property.

In Way Estate, 379 Pa. 421, the Supreme Court upheld the jurisdiction of the orphans' court to pass on the validity of an agreement between living parties involving the distribution of a decedent's estate. The court there reviewed and cited with approval numerous appellate authorities (beginning with Dunda's Es-

tate, 73 Pa. 474) holding that the orphans' court, in exercising its exclusive jurisdiction in the distribution of decedents' estates, has the power to decide all questions necessary to a proper distribution. In Snyder Estate, 368 Pa. 393, 398, this principle is stated:

"In proceedings to distribute an estate, the orphans' court has jurisdiction to inquire into, and by custom and experience is exceptionally well qualified to determine claims of creditors, legatees, devisees and next of kin, as well as all questions involving distribution, and there is no necessity to resort to any other court or to any other proceedings . . ."

There are additional grounds for our jurisdiction to pass on the matters here presented. The interest of the trustee's copartner, the settlor of the trust, has been, since his death in November 1953, a decedent's estate, with minors as beneficiaries. Section 301 of the Act of 1951, supra, specifically confers exclusive jurisdiction upon the orphans' court in the administration and distribution of decedents' estates and estates of minors.

Accordingly, exception number one will be dismissed. Exception number two relates to omissions and defects in the pleadings and will be sustained. Exception number three is without merit and will be dismissed.

The court therefore enters the following

## Order

And now, to wit, July 30, 1955, preliminary objections having been filed and the exceptions having come on to be heard by the court, and written briefs and oral argument having been submitted to the court, it is, therefore, for the reasons hereinabove set forth, ordered, adjudged and decreed as follows:

1. Exceptions nos. 1 and 3 are hereby dismissed.

2. Exception no. 2 is hereby sustained and leave granted to petitioners to file more specific pleadings as to paragraphs 5 and 8(d) within 20 days.